IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CHRISTOPHER LAMONT LITTLE                                                                    PLAINTIFF

VS.                                                                    CIVIL ACTION NO. 4:12cv144-FKB

WARDEN JOHNNY CROCKETT, et al.                                                            DEFENDANTS

ORDER

Plaintiff, a state inmate, brought this action pursuant to 42 U.S.C. § 1983 alleging denial of due process in a prison disciplinary hearing. A *Spears*[1] hearing has been held, and the parties have consented to jurisdiction by the undersigned. Having considered the complaint and Plaintiff's testimony at the hearing, the Court concludes that this action should be dismissed for failure to state a claim.

Plaintiff received two Rules Violation Reports (RVR's) for possession of contraband following a shake-down of his cell while housed at the Kemper County Correctional Facility. In the RVR's, Plaintiff was charged with possessing marijuana and an mp3 player. Plaintiff was found guilty on both RVR's. As a result, his custody status was downgraded. He claims that he should not have been found guilty on the RVR's because (1) other inmates have been allowed to possess mp3 players, and (2) the substance alleged to be marijuana by prison officials was never actually tested.

A prisoner's challenge to a prison disciplinary proceeding is limited to situations where a denial of due process implicates a constitutionally-protected interest, such as liberty. *See Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997). A change in

---

[1]*See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

custody status does not implicate a liberty interest because it does not pose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).   For this reason, Plaintiff's claim fails as a matter of law.

Accordingly, this action is hereby dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  A separate judgment will be entered.

SO ORDERED this the 10th day of January, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE